**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA**

v.

**CHARLES CHAPPLE,**

**Defendant.**

**Magistrate No. 08-8113 (MCA)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHARLES CHAPPLE'S MOTION TO DISMISS**

RICHARD COUGHLIN
Office of the Federal Public Defender
District of New Jersey
By: Patrick N. McMahon
Assistant Federal Public Defender
972 Broad Street
Newark, New Jersey 07102
(973) 645-6347
*Attorneys for Defendant Charles Chapple*

**STATEMENT OF FACTS**

The Speedy Trial Act (the "Act"), 18 U.S.C. §§ 3161 *et seq*., has been violated in this case, and the charge filed against Charles Chapple must, therefore, be dismissed. The dismissal, moreover, must be with prejudice.

On July 31, 2008, Mr. Chapple was arrested for violating 21 U.S.C. § 846 (Attempting to distribute or Possess with the Intent to distribute 5 kilograms or more of cocaine, contrary to U.S.C. § 841(a) and (b)(1)(A) ). Since that date, the government and defense counsel have engaged in intermittent plea negotiations during the first two months following Mr. Chapple's arrest. At only one time, tolling the period from August 1, 2008 until October 1, 2008, was a continuance entered by the Court.

In the meantime, Mr. Chapple's life has been seriously disrupted. He has remained in custody and has been unable to address a pending charge in California. He suffers from several physical ailments which are exacerbated by his current incarceration. The Speedy Trial Act allows the government thirty non-excludable days from a defendant's arrest to file an indictment. In this case, that thirty-day period elapsed almost two months ago, and the Complaint against Mr. Chapple must, therefore, be dismissed with prejudice.

## ARGUMENT

**THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE BASED ON THE VIOLATION OF THE SPEEDY TRIAL ACT.**

**A. The Government's Failure To File An Indictment Within 30 Days Of Mr. Chapple's Arrest Compels Dismissal Of The Complaint, Pursuant to 18 U.S.C. § 3162(a)(1).**

The Speedy Trial Act ("the Act"), 18 U.S.C. §3161 *et seq.*, establishes rigid temporal parameters for the prosecution of a case, in order to give effect to the speedy trial guarantee of the Sixth Amendment. *See, e.g.*, *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988); *see also United States v. Martinez*, 75 F. Supp. 2d 360, 362-63 (D.N.J. 1999). Pursuant to the Act, and as relevant to the instant matter, an indictment or information charging an individual with a crime shall be filed within thirty days from the date of the individual's arrest. *See* 18 U.S.C. § 3161(b). However, the Act also provides for certain "excludable" time, which will be deducted from the accrued time in calculating the thirty day period. *See id.* at § 3161(h). For example, the filing of pretrial motions triggers an excludable period, which lasts from the filing through the disposition of the motion. 18 U.S.C. § 3161(h)(1)(F). Similarly, a continuance granted pursuant to the requirements of 18 U.S.C. § 3161(h)(8) will give rise to an excludable period of time. If the defendant is not indicted or an information is not filed within thirty non-excludable days from the trigger date, dismissal of the charges contained in the complaint is mandatory. *See* 18 U.S.C. § 3162(a)(1).

In this case, more than 4 months have elapsed since Mr. Chapple's arrest. 2 months of that time has been covered by an Order continuing the matter. Accordingly, because the government has failed to file either an indictment or information within the 30-day time period

under § 3161(b), the charge contained in the complaint must be dismissed, pursuant to § 3162(a)(1).

**B. The Statutory Considerations, As Well As The Prejudice To Mr. Chapple, Compel Dismissal With Prejudice.**

Although dismissal is mandatory in these circumstances, the Court retains the discretion to dismiss the matter with or without prejudice. *See id.; see also generally United States v. Jones*, 602 F. Supp. 1045 (E.D. Pa. 1985). In exercising that discretion, the court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. §3162(a)(1). While not set forth in the statute, a court may also take into account any prejudice suffered by the defendant as a result of the non-prosecution, *see Martinez*, 75 F. Supp. 2d at 365, as well as the culpability of the conduct that caused the delay, *see United States v. Rodriguez,* 824 F. Supp. 657, 661 (W.D. Tex. 1993) (citation omitted). Importantly, the lack of an improper motive will not excuse a Speedy Trial violation. *See United States v. Scott,* 743 F. Supp. 400, 406 (D. Md. 1990) (citation omitted). Additionally, the factors must be evaluated in the context of the goals of the Speedy Trial Act. *See Angelini*, 553 F. Supp. 367, 369 (D. Mass. 1982).

The circumstances of this case, when viewed in light of two statutory considerations, compel dismissal with prejudice. These considerations are discussed in turn below.

**1. Facts and Circumstances of the Case.**

The facts and circumstances underlying the delay in this case are in no way attributable to Mr. Chapple. Mr. Chapple has done nothing to delay the appropriate filing by the government of an indictment or information in this case. The government, however, had "an ample opportunity to advance th[e] case," but has thus far failed to do so. *See id.* at 366. Negligent administration by or oversight on the part of the government is not an acceptable justification. *See, e.g., United States v. Ramirez,* 973 F.2d 36, 38-39 (1st Cir. 1992) (citations omitted). To the contrary, government oversight weighs in favor of dismissal with prejudice. *See, e.g., id.* at 39 ("When a [Speedy Trial Act] violation is caused by the court or the prosecutor, it weighs in favor of granting a dismissal with prejudice."); *United States v. Caparella,* 716 F.2d 976, 980 (2d Cir. 1983); *Jones,* 602 F. Supp. at 1050-51. This factor, too, militates in favor of a dismissal with prejudice.

**2. Impact of a Reprosecution on the Administration of the Speedy Trial Act and The Administration of Justice.**

The impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice also weighs heavily in favor of dismissal with prejudice. This matter presents exactly the situation which the Act was intended to prevent. The Act was enacted to guard against delays caused by the prosecution in order to implement the constitutional speedy trial guarantee. *See Jones*, 602 F. Supp. at 1051 (citation omitted). To sanction such dilatoriness ignores the dictates of the Act and adversely affects its operation, concomitantly sending the wrong message to the government. *See, e.g., Ramirez*, 973 F.2d at 39 ("'[W]henever government

– for whatever reasons – falls short of meeting the Act's requirements, the administration of justice is adversely affected'"). *See also Caparella,* 716 F.2d at 981; *Jones,* 602 F. Supp. at 1051; *Angelini*, 553 F. Supp. at 370-71.

In weighing this factor, the *Martinez* court considered the extent to which the defendant had suffered prejudice. *Martinez*, 75 F.Supp.2d at 366. In a passage equally applicable to Mr. Chapple's circumstances, the court acknowledged that even a defendant who remains "free" on bail may incur prejudice as a result of unnecessary delay:

> [i]nordinate delay between public charge and trial, . . . wholly aside from possible prejudice to a defense on the merits, may "seriously interfere with the defendant's liberty', whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and friends.

*Id.* at 367 (quoting *United States v. Taylor*, 487 U.S. 326, 340 (1988) (additional citations omitted)).

The time is ripe to dismiss the charge against Mr. Chapple. It has lingered on well beyond its statutorily permitted life, and cannot be permitted to continue to do so. In light of the unjustified delay caused by the government, it should not be permitted to resuscitate this complaint. Dismissal with prejudice is appropriate, and should be granted in this case.

## II. Conclusion.

For the reasons set forth above, Charles Chapple respectfully requests that the Complaint in this matter be dismissed with prejudice.

RICHARD COUGHLIN
Federal Public Defender
District of New Jersey

Date: December 4, 2008

By: ______________________
Patrick N. McMahon
Assistant Federal Public Defender
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I certify that I caused the foregoing Motion to Dismiss and the accompanying Memorandum of Law to be served upon the government via electronic mail.

Brian L. Urbano, Esq.,
Assistant United States Attorney
970 Broad Street
Newark, NJ 07102
*Via Hand-delivery*

Date: December 4, 2008

Patrick N. McMahon