**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*          *973/645-2700*
*Newark, NJ 07102*

March 12, 2009

Patrick McMahon, Esq.          CR 08-932
Federal Public Defender
970 Broad Street
Newark, NJ 07102

Re:  <u>Plea Agreement with Charles Chapple</u>

Dear Mr. McMahon:

This letter sets forth the plea agreement between your client, Charles Chapple, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Charles Chapple to a one-count Superseding Information, which charges him with knowingly and intentionally using a communications facility to facilitate the commission of a controlled substance felony, in the District of New Jersey and elsewhere, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. 2.  If Charles Chapple enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Charles Chapple for his drug trafficking activities as described in the criminal complaint filed under Magistrate Number 08-8113.  In addition, if Charles Chapple fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss the criminal indictment, filed under Criminal No. 08-932 (AET), against Charles Chapple.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Charles Chapple may be commenced against him, notwithstanding the expiration of the limitations period after Charles Chapple signs the agreement.

Sentencing

The violation of 21 U.S.C. § 843(b) to which Charles Chapple agrees to plead guilty carries a statutory maximum prison sentence of 4 years imprisonment, and a statutory maximum fine equal to the greatest of:  (1) $250,000 (2) twice the gross profits or other proceeds to Charles Chapple.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Charles Chapple is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Charles Chapple ultimately will receive.

Further, in addition to imposing any other penalty on Charles Chapple, the sentencing judge:  (1) will order Charles Chapple to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and (2) pursuant to 18 U.S.C. § 3583, may require Charles Chapple to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed.  Should Charles Chapple be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Charles Chapple may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Charles Chapple by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition,

this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Charles Chapple's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Charles Chapple agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Charles Chapple from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and Charles Chapple waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Charles Chapple. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Charles Chapple.

## No Other Promises

This agreement constitutes the plea agreement between Charles Chapple and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: Brian L. Urbano
Assistant U.S. Attorney

APPROVED:

John Gay
Unit Chief, OCDETF Division

- 4 -

I have received this letter from my attorney, Patrick McMahon, Esq., and I understand it fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:


_____          Date: 03 - 17 - 09
Charles Chapple


_____          Date: 03 - 17 - 09
Patrick McMahon, Esq.

- 5 -

## Plea Agreement With Charles Chapple

### Schedule A

1.   This Office and Charles Chapple recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Charles Chapple nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Charles Chapple within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Charles Chapple further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.   The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case.  The applicable guidelines are U.S.S.G. §§ 2D1.1 and 2D1.6.

3.   The offense involved 150 kilograms or more of cocaine.  This results in a Base Offense Level of 38.  See U.S.S.G. § 2D1.1(c)(1).

4.   As of the date of this letter, Charles Chapple has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Charles Chapple's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

5.   As of the date of this letter, Charles Chapple has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  If Charles Chapple enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Charles Chapple's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Charles Chapple will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

7.    Charles Chapple knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the statutory maximum sentence.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 35.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.